1 | Jennifer Lewkowski
Nevada Bar No. 10823
2 | PHILLIPS, SPALLAS & ANGSTADT LLC
504 S. Ninth Street
3 | Las Vegas, Nevada 89101
(702) 938-1510
4

*Attorney for Defendant*
5 | *Wal-Mart Stores, Inc.*

## UNITED STATES DISTRICT COURT

6

## DISTRICT OF NEVADA

7

8 | BETTY BRUE,                          CV –
                                        (Clark County District Court Case No.
9 |               Plaintiff,            A583321 Dept. No. X)

vs.
10
                                        **[JURY DEMAND]**
11 | WAL-MART STORES, INC. dba WAL-
MART STORE #1584; W&W
12 | PARTNERSHIP; DOE EMPLOYEES 1
through 5, DOES 1 through 10, and ROE
13 | CORPORATIONS 1 through 10, inclusive,

14 |               Defendants.

15 | ### PETITION FOR REMOVAL OF CIVIL ACTION

16 |         COMES NOW, Petitioner WAL-MART STORES, INC., by and through its attorneys, the law

17 | offices of PHILLIPS, SPALLAS & ANGSTADT, LLC, hereby submits and respectfully shows:

18 |                                         I.

19 |         Petitioner is a Defendant in the above-entitled action.

20 |                                         II.

21

22 |         The above-entitled action was commenced in the Eighth Judicial District Court in and for

23 | Clark County, District of Nevada, and is now pending in that Court.  Process was served upon this

24 | Petitioner through a process server on or about March 9, 2009.  The Complaint, as Exhibit "A,"

25 | attached hereto, is the "first paper" received by Petitioner from which it could ascertain removability.

26 |                                         III.

27 |         This Petition is filed timely pursuant to 28 U.S.C. § 1446(b).

28

IV.

This action is a civil action over which this Court has diversity jurisdiction under the provisions of 28 U.S.C. § 1332 and 28 U.S.C. § 2201, and is one which may be removed to this Court by Petitioner, pursuant to the provisions of 28 U.S.C. § 1441(b).

V.

Petitioner is informed, believes and thereon alleges that Plaintiff Betty Brue, is and was at all times relevant herein, a resident of the State of Nevada.  Petitioner is informed, believes and thereon alleges that Plaintiff has sued non-diverse W & W Partnership as a sham defendant, for the purpose of destroying diversity jurisdiction.  As set forth further below, Defendant W & W Partnership had no control, operation or maintenance of the subject Wal-Mart store where Plaintiff claims to have slipped and fell.  Plaintiff's Complaint fails to state a cause of action against that Defendant.  Thus diversity between the parties remains.

VI.

Petitioner WAL-MART STORES, INC. is, and was at the time this action was commenced, a Delaware corporation with its principal place of business in the State of Arkansas.  Petitioner is informed, believes and thereon alleges that W & W Partnership, a Nevada partnership, has not appeared in the action, therefore that Defendant could not consent to or join in the removal.

VII.

The above-entitled civil action is for personal injuries Plaintiff Betty Brue allegedly received from an incident at a Wal-Mart store in Las Vegas, Nevada.  Defendant Wal-Mart does not dispute control and operation of the subject premises.  Defendant W & W Partnership has no right of maintenance, control or operation over the interior of the subject store.

///

DEFENDANT WAL-MART STORES, INC.'S PETITION FOR REMOVAL

VIII.

A copy of the Defendant's Petition for Removal, seeking removal of the above-entitled action to the United States District Court, District of Nevada, together with a copy of the Complaint have been deposited with the Deputy Clerk in the County Clerk's office for the Eighth Judicial District Court in and for Clark County, Nevada.

IX.

Copies of all pleadings served upon Petitioner in the above-entitled action are filed herewith.

X.

This Petition is filed with this Court within thirty (30) days after Petitioner's receipt of Plaintiff's Complaint, served on or about March 9, 2009. Plaintiff's Complaint seeks general and special damages in excess of $10,000, in addition to punitive damages and attorney's fees. Thus, the sum of damages sought by Plaintiff satisfies the jurisdictional requirement under 28 U.S.C. § 1441(b).

XI.

This Petition is filed with this Court within thirty (30) days after this Petitioner's receipt of the "first paper" from which the amount in controversy may be ascertained in the above-entitled action. Compensatory and punitive damages, as well as attorney fees, may be considered in determining the amount in controversy. (*Meisel v. Allstate Indem. Co.* (E.D. Cal. 2005) 357 F. Supp. 2d 1222, 1225.) Plaintiff alleges she suffered a sum in excess of $10,000 for general, compensatory, and special damages. (Exhibit A).

Plaintiff seeks punitive damages and attorneys' fees. (Exhibit A)  The Court may consider punitive damages in its determination of the amount in controversy if two prerequisites are met. First, Nevada state law must allow for recovery of punitive damages. (*Anthony v. Security Pac. Fin. Servs., Inc.* (7th Cir. 1996) 75 F.3d 311, 315.)  Nevada state law allows for punitive damages in actions against employers for breach of a non-contractual obligation.  (N.R.S. § 42.005.)  Plaintiff may

recover three times the amount of compensatory damages, so long as the compensatory damages awarded totals $100,000 or more. (*Id.*) If the compensatory damages total less than $100,000, then plaintiff may recover up to $300,000 in punitive damages. (*Id.*) If state law allows for punitive damages, as it does in this case, the Court has jurisdiction unless "it is clear 'beyond a legal certainty that the plaintiff would under no circumstances be entitled to recover the jurisdictional amount.'" (*Anthony*, 75 F.3d at 315 (citations omitted).) In light of Plaintiff's claim for special and general damages, and attorneys' fees, Plaintiff may recover well over $75,000 in damages. Thus, it is wholly appropriate for the Court to consider the potential punitive damages as part of the amount in controversy.

XII.

Plaintiff pursues a premises liability action against Defendants, based on the existence of an alleged dangerous condition in an aisle of the subject Wal-Mart store. Defendant W & W Partnership, while owner of the real estate, has no operation, control or maintenance over the subject store's interior, therefore it neither owes a duty to Plaintiff, nor can be found to have breached a duty to Plaintiff in this action. Defendant W & W Partnership was sued merely to defeat diversity jurisdiction. Joinder is not required by parties named as defendants solely to prevent removal. *Farias v. Bexar County Bd. of Trustees for Mental Health*, 925 F.2d 866, 871 (5th Cir. 1991). A non-diverse party named in the state action shall be disregarded if the party's joinder is a "sham" or fraudulent so that no possible cause of action has been stated against that party. *Morris v. Princess Cruises, Inc.*, 236 F.3d 1061, 1067 (9th Cir. 2001); *Triggs v. John Crump Toyota, Inc.*, 154 F.3d 1284, 1287 (11th Cir. 1998); *AIDS Counseling & Testing Centers v. Group W Television, Inc.*, 903 F.2d 1000, 1003 (4th Cir. 1990); *see also McCabe v. General Foods Corp.*, 811 F.2d 1336, 1339 (9th Cir. 1987).

### *PRAYER*

WHEREFORE, Petitioner prays that the above-entitled action be removed from the Eighth

- 4 -

1  Judicial District Court in and for Clark County, Nevada to this Court.

2

3  DATED: March 30, 2009                    Respectfully submitted,

4                                           PHILLIPS, SPALLAS & ANGSTADT LLC

5                                     By:   /s/ Jennifer Lewkowski
                                           Jennifer Lewkowski
6

7                                          Attorney for Defendant
                                           WAL-MART STORES, INC.
8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

DEFENDANT WAL-MART STORES, INC.'S PETITION FOR REMOVAL

## <u>AFFIDAVIT OF JENNIFER LEWKOWSKI</u>

STATE OF NEVADA          )
                          ) ss.
COUNTY OF CLARK       )

     JENNIFER LEWKOWSKI, first being duly sworn, deposes and states as follows:

     1.     Affiant is an attorney, duly licensed and authorized to practice law within the courts of the State of Nevada.

     2.     Affiant is an associate of the law firm of PHILLIPS, SPALLAS & ANGSTADT LLC, representing Petitioner, WAL-MART STORES, INC., in the case of *Brue v. Wal-Mart Stores, Inc., et. al.,* Clark County District Court Case No. A583321, filed in Department No. X, of the Eighth Judicial District Court, in and for Clark County, Nevada. Affiant has prepared and read the foregoing *Petition for Removal of Civil Action* and knows the matters set forth to be true and correct to the best of her knowledge and belief.

     3.     On March 30, 2009, Affiant caused to be filed with the County Clerk of the Eighth Judicial District Court, in and for Clark County, Nevada, a *Notice of Filing Petition for Removal*, seeking removal of the above-mentioned action to the Untied States District Court, District of Nevada, together with a copy of the *Petition for Removal* and Complaint, which is the first paper from which removability may be ascertained, attached as Exhibit "A" by depositing such copies with the Deputy Clerk in the County Clerk's Office, Clark County Courthouse, 200 Lewis Avenue, Las Vegas, Nevada 89101.

     4.     This Petition is filed with this Court thirty (30) days after Petitioner's receipt of Plaintiff's Complaint, served on or about March 9, 2009. This Petition is filed with this Court within thirty (30) days after this Petitioner's receipt of the "first paper" from which the amount in controversy may be ascertained in the above-entitled action. Compensatory and punitive damages, as well as attorney fees, may be considered in determining the amount in controversy. (*Meisel v. Allstate Indem. Co.* (E.D. Cal. 2005) 357 F. Supp. 2d 1222, 1225.) Plaintiff alleges she suffered a sum in excess of

$10,000 for general, compensatory, and special damages.  (Exhibit A).

Plaintiff seeks punitive damages and attorneys' fees.  (Exhibit A)  The Court may consider punitive damages in its determination of the amount in controversy if two prerequisites are met.  First, Nevada state law must allow for recovery of punitive damages.  (*Anthony v. Security Pac. Fin. Servs., Inc.* (7th Cir. 1996) 75 F.3d 311, 315.)  Nevada state law allows for punitive damages in actions against employers for breach of a non-contractual obligation.  (N.R.S. § 42.005.)  Plaintiff may recover three times the amount of compensatory damages, so long as the compensatory damages awarded totals $100,000 or more.  (*Id.*)  If the compensatory damages total less than $100,000, then plaintiff may recover up to $300,000 in punitive damages.  (*Id.*)  If state law allows for punitive damages, as it does in this case, the Court has jurisdiction unless "it is clear 'beyond a legal certainty that the plaintiff would under no circumstances be entitled to recover the jurisdictional amount.'" (*Anthony*, 75 F.3d at 315 (citations omitted).)  In light of Plaintiff's claim for special and general damages, and attorneys' fees, Plaintiff may recover well over $75,000 in damages.  Thus, it is wholly appropriate for the Court to consider the potential punitive damages as part of the amount in controversy.

5.      Plaintiff pursues a premises liability action against Defendants, based on the existence of an alleged dangerous condition in an aisle of the subject Wal-Mart store.  Defendant W & W Partnership, while owner of the real estate, has no operation, control or maintenance over the subject store's interior, therefore it neither owes a duty to Plaintiff, nor can be found to have breached a duty to Plaintiff in this action.  Defendant W & W Partnership was sued merely to defeat diversity jurisdiction.  Joinder is not required by parties named as defendants solely to prevent removal.  *Farias v. Bexar County Bd. of Trustees for Mental Health*, 925 F.2d 866, 871 (5th Cir. 1991).  A non-diverse party named in the state action shall be disregarded if the party's joinder is a "sham" or fraudulent so that no possible cause of action has been stated against that party.  *Morris v. Princess Cruises, Inc.*,

236 F.3d 1061, 1067 (9th Cir. 2001); *Triggs v. John Crump Toyota, Inc.*, 154 F.3d 1284, 1287 (11th Cir. 1998); *AIDS Counseling & Testing Centers v. Group W Television, Inc.*, 903 F.2d 1000, 1003 (4th Cir. 1990); *see also McCabe v. General Foods Corp.*, 811 F.2d 1336, 1339 (9th Cir. 1987).

      6.      Affiant caused to be served a copy of the *Notice of Filing Petition for Removal* and the *Petition for Removal* upon Plaintiff, by depositing it in the United States Mail, on March 30, 2009, in an envelope properly addressed to:

Robert T. Eglet, Esq.
MAINOR EGLET COTTLE
400 S. Fourth Street, Suite 600
Las Vegas, NV 89101

Affiant further sayeth naught.

*Jennifer Lewkowski*

JENNIFER LEWKOWSKI

SUBSCRIBED and SWORN to before me this
___30th___ day of March, 2009

*Janine Marie Patrick*

NOTARY PUBLIC in and for
said County and State

JANINE MARIE PATRICK
NOTARY PUBLIC
STATE OF NEVADA
Date Appointment Exp: 12-19-11
Certificate No: 00-60593-1

- 7 -

1

## CERTIFICATE OF SERVICE

2      I hereby certify that on the ___30th___ day of March, 2009, I mailed a true and correct copy of the

3  foregoing **PETITION FOR REMOVAL OF CIVIL ACTION,** by facsimile and by U.S. Mail, to

4  the following parties of interest, to their last known facsimile number(s) and address(es), as indicated

5  below:

6

7

| ATTORNEY OF RECORD | PHONE/FAX | PARTY |
|---|---|---|
| Robert T. Eglet, Esq.<br>MAINOR EGLET COTTLE<br>400 S. Fourth Street, Suite 600<br>Las Vegas, NV 89101 | Phone: (702) 450-5400<br>Fax:    (702) 450-5451 | Plaintiff |

8

9

10

11      _____Sylvia Allyn Symmunds_____

An Employee of PHILLIPS, SPALLAS & ANGSTADT LLC

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

DEFENDANT WAL-MART STORES, INC.'S PETITION FOR REMOVAL

# EXHIBIT "A"

**COMP**
Robert T. Eglet, Esq.
Nevada Bar No. 3402
reglet@mainorlawyers.com
Robert M. Adams, Esq.
Nevada Bar No. 6551
badams@mainorlawyers.com
Jonathan T. Remmel, Esq.
Nevada Bar No. 8627
jremmel@mainorlawyers.com
**MAINOR EGLET COTTLE**
400 S. Fourth Street, Ste. 600
Las Vegas, Nevada 89101
Ph.: (702) 450-5400
Fax: (702) 450-5451
Attorneys for Plaintiff

FILED

FEB 23  5 23 PM '09

CLERK OF THE COURT

## DISTRICT COURT

## CLARK COUNTY, NEVADA

| | |
|---|---|
| BETTY BRUE,<br><br>            Plaintiffs,<br><br>vs.<br><br>WAL-MART STORES, INC. dba WAL MART STORE #1584; W & W PARTNERSHIP; DOE EMPLOYEES 1 through 5; DOES 1 through 10; and ROE CORPORATIONS 1 through 10, inclusive,<br><br>            Defendants. | CASE NO.   A583321<br>DEPT. NO. |

## **COMPLAINT**

Date of Hearing:  N/A
Time of Hearing:  N/A

Plaintiff alleges as follows:

–1–

## GENERAL ALLEGATIONS

1.      That all at all times relevant hereto, Plaintiff was a resident of Clark County, Nevada.

2.      That all the facts and circumstances that give rise to the subject lawsuit occurred in Clark County, Nevada.

3.      That at all times relevant hereto, Defendant WAL-MART STORES, INC. dba WAL MART STORE #1584, was and is a foreign corporation licensed to conduct business in the State of Nevada.

4.      That at all times relevant hereto, Defendant W & W PARTNERSHIP, was and is a Nevada partnership, with Nevada partners, licensed to conduct business in the State of Nevada.

5.      That the true names and capacities, whether individual, corporate, association or otherwise of the Defendants, DOE EMPLOYEES 1 through 5 and/or DOES 1 through 10 and/or ROE CORPORATIONS 1 through 10, inclusive, are unknown to Plaintiff, who therefore sues said Defendants by such fictitious names.  Plaintiff is informed and believes, and thereupon alleges, that each of the Defendants designated herein as DOE EMPLOYEES, DOES and/or ROE CORPORATIONS are responsible in some manner for the events and happenings herein referred to, and in some manner caused the injuries and damages proximately thereby to the Plaintiff, as herein alleged; that the Plaintiff will ask leave of this court to amend this Complaint to insert the true names and capacities of said Defendants, DOE EMPLOYEES 1 through 5 and/ or DOES 1 through 10 and/or ROE CORPORATIONS 1 through 10, inclusive, when the same have been ascertained by Plaintiff, together with the appropriate charging allegations, and to join such Defendants in this action.

MAINOR EGLET COTTLE

6.    That at all times herein mentioned, Defendants, including DOE EMPLOYEES 1 through 5 and/or DOES 1 through 10 and/or ROE CORPORATIONS 1 through 10, inclusive, were the employees and/or owners and/or operators and/or maintainers of the location(s) involved in the accident fully described herein below.

7.    At all times mentioned, the Defendants, and each of them, were the maintainers, owners, managers, inspectors, supervisors and controllers of the premises and common areas generally known as WAL MART STORE #1584, located at or near 3615 S. Rainbow Blvd., Las Vegas, Clark County, Nevada.

## FACTS COMMON TO ALL CAUSES OF ACTION

8.    That Plaintiff incorporates by this reference each and every allegation previously made in this Complaint, as if here fully set forth.

9.    On or about August 2, 2008, Defendants, while in the course and scope of their employment and/or agency with other Defendants, negligently failed to maintain, manage, inspect, supervise and control the premises and further failed to warn Plaintiff BETTY BRUE, of hazards which resulted in Plaintiff's injuries.

10.   As a direct and proximate result, Plaintiff, BETTY BRUE, slipped and fell, was seriously injured and caused to suffer great pain of body and mind, some of which conditions are permanent and disabling all to her general damage in an amount in excess of Ten Thousand Dollars ($10,000.00).

## FIRST CAUSE OF ACTION
### (NEGLIGENCE)

11.   That Plaintiff incorporates by this reference each and every allegation previously made in this Complaint, as if here fully set forth.

-3-

MAINOR EGLET COTTLE

12.    On or about August 2, 2008, Defendants, while in the course and scope of their employment and/or agency with other Defendants, negligently failed to control, supervise, repair, inspect and maintain the premises and further failed to warn Plaintiff, BETTY BRUE, of hazards which resulted in Plaintiff's injuries.

13.    Defendants breached their duty of due care by their negligent, careless, wanton, willful, and indifferent failure to act including, but not limited to, the negligent and improper control, supervision, repair, inspection and maintenance of the subject premises.

14.    As a direct and proximate result of the conduct of the Defendants described hereinabove, Plaintiff has sustained damages in excess of TEN THOUSAND DOLLARS ($10,000.00).

15.    Defendants have acted willfully and maliciously, and with oppression, fraud, or malice, and as a result of Defendants' wrongful conduct, Plaintiff is entitled to an award of exemplary or punitive damages.

16.    As a result of Defendants' conduct, as set forth herein, Plaintiff has been required to retain the services of an attorney, and, as direct, natural, and foreseeable consequence thereof, has been damaged thereby, and is entitled to reasonable attorneys' fees and costs.

## SECOND CAUSE OF ACTION
### (NEGLIGENCE PER SE)

17.    Plaintiff incorporates by this reference each and every allegation previously made in this Complaint, as if here fully set forth.

18.    At all times mentioned herein, there were in force statutes, ordinances, uniform building codes and regulations prohibiting the conduct exhibited by Defendants, including DOE EMPLOYEES 1 through 5 and/or DOES 1 through 10 and/or ROE CORPORATIONS 1 through 10.

19.    Defendants did not perform their duties to control, supervise, repair, inspect and

4

maintain the subject premises in accordance with applicable codes, rules, regulations, statutes, and ordinances. Thus, Defendants negligently violated the codes, rules, regulations, statutes, and ordinances which was a direct and proximate cause of and contributed to the slip and fall which injured Plaintiff.

20.     The codes, rules, regulations, statutes, and ordinances were designed to protect this class of Plaintiffs from the type of injuries sustained on the day at issue.

21.     As a direct and proximate result of the conduct of the Defendants described hereinabove, Plaintiff has sustained damages in excess of TEN THOUSAND DOLLARS ($10,000.00).

22.     As a result of Defendants' conduct, as set forth herein, Plaintiff has been required to retain the services of an attorney, and, as direct, natural, and foreseeable consequence thereof, has been damaged thereby, and is entitled to reasonable attorneys' fees and costs.

23.     Defendants have acted willfully and maliciously, and with oppression, fraud, or malice, and as a result of Defendants' wrongful conduct, Plaintiff is entitled to an award of exemplary or punitive damages.

. . .

. . .

. . .

. . .

. . .

. . .

. . .

. . .

. . .

. . .

MAINOR EGLET COTTLE

5

530e75f0c68587ff

WHEREFORE, Plaintiff prays judgment of this Court as follows:

1.      General damages in an amount in excess of $10,000.00;

2.      Special damages in an amount in excess of $10,000.00;

3.      Punitive damages to punish Defendants and deter such conduct

4.      Cost of suit; pre-judgment interest; post-judgment interest; attorney's fees; and

5.      For such other and further relief as is just and proper.

DATED this 23rd day of February, 2009.

**MAINOR EGLET COTTLE**


By
ROBERT T. EGLET, ESQ.
Nevada Bar No. 3402
ROBERT M. ADAMS, ESQ.
Nevada Bar No. 6551
JONATHAN T. REMMEL, ESQ.
Nevada Bar No. 8627
400 South Fourth Street, Suite 600
Las Vegas, Nevada 89101
Attorneys for Plaintiffs

–6–