Brenda Entzminger
Nevada Bar No. 9800
Jennifer Lewkowski
Nevada Bar No. 10823
PHILLIPS, SPALLAS & ANGSTADT LLC
504 S. Ninth Street
Las Vegas, Nevada 89101
(702) 938-1510
jlewkowski@psalaw.net
*Attorneys for Defendants*
*W & W Partnership and*
*Wal-Mart Stores, Inc.*

UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

| | |
|---|---|
| BETTY BRUE,<br><br>Plaintiff,<br><br>vs.<br><br>WAL-MART STORES, INC. dba WAL-MART STORE #1584; W&W PARTNERSHIP; DOE EMPLOYEES 1 through 5, DOES 1 through 10, and ROE CORPORATIONS 1 through 10, inclusive,<br><br>Defendants. | Case No.:   2:09-cv-00585-KJD-RJJ<br><br>**DEFENDANT W & W PARTNERSHIP'S MOTION FOR SUMMARY JUDGMENT**<br><br>**[EMERGENCY MOTION]** |

TO: ALL PARTIES AND THEIR COUNSEL OF RECORD

COMES NOW, Defendant, W & W PARTNERSHIP, by and through its attorneys, Phillips, Spallas & Angstadt LLC, and hereby moves this Court to enter an order pursuant to Rule 56 of the Federal Rules of Civil Procedure for summary judgment in its favor.

I.  **CONCISE STATEMENT OF MATERIAL FACTS PER LR 56-1**

It is undisputed that this slip and fall injury incident occurred in an aisleway within the interior of the Wal-Mart premises located at 3615 S. Rainbow Road in Las Vegas on August 2, 2008. (See **Exhibit B**, Plaintiff's Complaint; see **Exhibit E**, Store Incident Report; and see

**Exhibit F**, Plaintiff's Customer Statement).  Through the admissions of Wal-Mart and the patent terms of the lease agreement between the real property owner, W & W Partnership, and the tenant/occupier, Wal-Mart, it is undisputed that Defendant Wal-Mart had sole control over the maintenance of the interior of the store premises at issue.  (**Exhibit A**, Lease Agreement, par. 8; see **Exhibit C**, Answer, par. 6, 7; and see **Exhibit D**, Answer to Cross-Claim, par. 6, 8 and 9).  Through its responsive pleadings, Wal-Mart admits to sole control and maintenance over the interior of the store.  (**Exhibit C**, Answer, par. 6, 7; and see **Exhibit D**, Answer to Cross-Claim, par. 6, 8 and 9).  Defendant W & W Partnership was only responsible for maintaining common areas, such as the exterior parking lot and pursuant to contract, had no right of control over the interior of the premises.  (**Exhibit A**, Lease Agreement, par. 8).

As is evident in her Complaint, Plaintiff undisputedly failed to state a claim against W & W Partnership upon which relief may be granted.  (See **Exhibit B**, Plaintiff's Complaint). Pursuant to *Wright v. Schum*, 105 Nev. 611, 781 P.2d 1142 (1989), the Nevada Supreme has unequivocally held that "…once a lessee [has] taken possession of property, the landlord is not subject to liability…[to] others coming onto the land, for physical harm caused by a dangerous condition on the premises."  *Id.*  As merely the real property owner, with no exercise of control or maintenance of the interior of the store premises, W & W Partnership owes no duty to a patron injured by a slip and fall incident within the subject Wal-Mart store.  Plaintiff has pled no cause of action against W & W Partnership which may subject it to liability for this incident. (See **Exhibit B**, Plaintiff's Complaint).

**II.     STATEMENT OF FACTS**

This case involves a slip and fall incident which occurred on August 2, 2008, inside the Wal-Mart Store located at 3615 S. Rainbow Road in Las Vegas.  Plaintiff was walking through

the Action Alley on the grocery side of the store when she alleges that she slipped and fell on a white liquid substance on the floor.  Plaintiff reported the incident to Wal-Mart personnel, who investigated and took her written statement.  Plaintiff did not report the incident to anyone at W & W Partnership, the real property owner.

It is undisputed that the Wal-Mart store at issue in this case is controlled, operated and managed by Wal-Mart.  Wal-Mart leased the premises from Co-Defendant W & W Partnership, pursuant to a lease agreement entered into by both parties.  Pursuant to Paragraph 8 of the Lease Agreement, Wal-Mart was responsible for maintaining the interior of the building, including the floor where Plaintiff slipped and fell.  W & W Partnership was only responsible for maintaining common areas, such as the parking lot, and unequivocally had no responsibility for maintaining the interior of the subject store.  Because W & W has no control over the interior of the store premises and has no responsibility for maintaining the inside of the store, the parties agreed that Wal-Mart would obtain liability insurance and would indemnify W & W Partnership with respect to any personal injury claims for injuries stemming from Wal-Mart's control and use of the premises.  (**Exhibit A**, Lease Agreement, Paragraph 10).  The Lease Agreement does not provide W & W Partnership with any obligation to maintain the interior of the premises, and W & W did not retain any control over the operation or management of the subject store.

Plaintiff's Complaint includes claims for relief based on negligence and negligence per se against Defendant Wal-Mart.  As discussed in further detail below, <u>Plaintiff's Complaint fails to state any claim against W & W Partnership</u>.  The claims included in Plaintiff's Complaint apply only to Wal-Mart.  (See **Exhibit B**, Plaintiff's Complaint).

In both its Answer to Plaintiff's Complaint and W & W Partnership's Cross-Complaint, Defendant/Cross-defendant Wal-Mart admitted that it exclusively controlled and operated the

store on the subject premises, and that W & W Partnership had no right of maintenance inside of the store. (**Exhibit C**, Answer, par. 6, 7; **Exhibit D**, Answer to Cross-Claim, par. 6, 8 and 9).

Plaintiff has failed to proffer any allegation, which if true, would implicate W & W Partnership in Plaintiff's incident or otherwise create a duty owed to Plaintiff, where it is undisputed that this Defendant had no control or maintenance over the subject store itself. It is undisputed that the incident occurred during the store's normal operating hours and was reported to Wal-Mart personnel. (See **Exhibit E**, Store Incident Report and **Exhibit F**, Plaintiff's Customer Statement). Plaintiff did not report the claim to W & W prior to filing suit. Plaintiff has alleged no act or omission by W & W which resulted in her injury, nor has she alleged any facts which, if true, would demonstrate that W & W owed Plaintiff a duty. Based on the undisputed facts set forth in the Lease Agreement, Plaintiff's own report of injury and Plaintiff's failure to state a claim against W & W upon which relief can be granted, summary judgment in favor of W & W Partnership is appropriate in this case.

### III.   BASIS FOR EMERGENCY MOTION

**A.   Plaintiff Has Sued W & W Partnership as a Sham Defendant, Named Solely to Defeat Diversity.  Because Plaintiff's Motion to Remand is Pending, Defendant Respectfully Requests a Hearing as Soon as Possible.**

As is evident from her Complaint's failure to state a cause of action or claim for relief against this Defendant, Plaintiff only sued W & W Partnership in order to defeat diversity jurisdiction for Defendant Wal-Mart. Defendant Wal-Mart removed this matter to federal court, not only admitting unequivocally that it had sole control and maintenance over the subject interior premises, but also noting that W & W Partnership was necessarily a sham defendant given the absence of any claim against it in Plaintiff's Complaint.

As the Court is likely aware, Plaintiff has filed a Motion to Remand this case to state court, alleging that there is no diversity jurisdiction between the parties, despite Plaintiff's failure to state a cause of action against Defendant W & W.  As is clear from a review of Plaintiff's Complaint, Plaintiff has failed to articulate a claim against W & W Partnership, and given the admissions of Wal-Mart and the terms of the Lease Agreement between the parties, W & W Partnership was only sued as a sham defendant in order to defeat diversity jurisdiction.

Defendant W & W owes no duty to the Plaintiff Betty Brue under the undisputed facts of this case.  Defendants W & W and Wal-Mart do not dispute the fact that Wal-Mart had sole control over the maintenance of the interior premises.  (See **Exhibit A**, Lease Agreement and **Exhibit D**, Wal-Mart's Answer to Cross-Claim).  It is undisputed that Plaintiff's slip and fall incident occurred inside the store, caused by the existence of a temporary condition on the premises – a white liquid substance on the floor.  Because there is a pending Motion to Remand based on lack of diversity and this Motion for Summary Judgment will be dispositive in determining W & W's status as a sham defendant for purposes of determining diversity, Defendant respectfully requests that this Motion for Summary Judgment be heard as soon as possible.

**IV.   THE STANDARD FOR SUMMARY JUDGMENT**

Rule 56(c) of the Federal Rules of Civil Procedure provides that summary judgment should be granted "…if the pleadings, the discovery and disclosure materials on file, and any affidavits show that there is no genuine issue as to any material fact and that the movant is entitled to judgment as a matter of law."  Fed. R. Civ. Pro. 56(c).  In *Celotex Corporation v. Catrett*, 477 U.S. 317, 322, 106 S. Ct. 2548, 2553 (1986), the Supreme Court held that "Rule

56(c) mandates the entry of summary judgment…against a party who fails to make a showing sufficient to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial." The Court further noted, "One of the principal purposes of the summary judgment rule is to isolate and dispose of factually unsupported claims or defenses…" *Id*. at 343-324, 2553. *See also Soremekun v. Thrifty Payless, Inc.*, 509 F.3d 978 (9th Cir. 2007).

As discussed in further detail below, Plaintiff has set forth no cognizable claim against W & W Partnership, nor has she alleged any facts showing that W & W owed a duty to her and indeed violated that duty. It is obvious from Plaintiff's Complaint that Plaintiff did not consider W & W Partnership as a viable or lasting defendant in this case because she did not even bother to assert a cause of action or state a claim against W & W Partnership upon which relief can be granted.

Moreover, as noted above, the two defendants do not dispute the fact that Wal-Mart had sole control over the interior of the premises – this is evidenced by the Lease Agreement and the admissions of Wal-Mart's Answer to W & W's Cross-complaint. Per the Lease Agreement, Wal-Mart and W & W Partnership entered into a contract whereby Wal-Mart was solely responsible for maintaining the interior of the store, including the floor of the store where Plaintiff slipped and fell. W & W Partnership had no right to control operations or manage personnel within the store; there is no dispute that W & W had no control over any cleaning, inspecting or maintenance inside of the store.

Accordingly, because Plaintiff's Complaint has not asserted any legal duty of W & W which would give rise to a cause of action against this defendant and because Wal-Mart has

unequivocally admitted that any duty owed to Plaintiff was owed by Wal-Mart, not W & W Partnership, W & W Partnership is entitled to summary judgment.

## V.     LEGAL ARGUMENT

### A.  Plaintiff Failed to State Any Claim Against W & W Partnership.

#### 1)  Plaintiff's Negligence Claim Fails as W & W Owes No Duty to Plaintiff

Plaintiff's Complaint fails to articulate any cause of action against W & W Partnership, rather the only semblance of a negligence claim against this Defendant is couched in general language against all defendants. Plaintiff's first claim is based on negligence. Specifically, she alleges that Defendants "…while in the course and scope of their employment and/or agency with other Defendants, negligently failed to control, supervise, repair, inspect and maintain the premises and further failed to warn Plaintiff…of hazards which resulted in [her] injuries." (**Exhibit B**, Complaint, par. 12). She further alleges that "Defendants breached their duty of due care by their negligent, careless, wanton, willful, and indifferent failure to act including, but not limited to, the negligent and improper control, supervision, repair, inspection and maintenance of the subject premises." (**Exhibit B**, Complaint, par. 13). As it is undisputed that Wal-Mart had sole control over the interior premises of the store, these claims are clearly invalid as to W & W Partnership.

It is undisputed that W & W Partnership did not have any employment or agency relationship with Wal-Mart. Moreover, pursuant to the Lease Agreement, W & W also had no right of control or supervision over the interior of the store. The Lease Agreement also provides that Wal-Mart is responsible for maintenance or repairs to the floor. (**Exhibit A**, Lease

Agreement, par. 8).  Therefore, a claim based on W & W Partnership's failure properly to control, supervise, repair or maintain the floor inside the store cannot survive a Rule 56 motion.

Based on the undisputed facts and Plaintiff's notably scant Complaint, W & W Partnership owed no duty to Plaintiff.  It is well accepted that, in a landlord/tenant situation, "the breach of duty and liability are generally the tenant's or lessee's, and not those of the landlord or lessor, in the absence of a statute stating otherwise…A lessee or tenant having control of leased premises is deemed, so far as third persons or the public are concerned, to be the owner." 62 Am. Jur. 2d Premises Liability Section 13.  *See also* 62 Am. Jur. 2d Premises Liability Section 3, citing *Simms v. Kennedy*, 74 Fla. 411, 76 So. 739 (1917); *Lashway v. King*, 179 A.D.2d 919, 578 N.Y.S.2d 702 (3d Dept. 1992); *Coleman v. Equitable Real Estate Investment Management, Inc.*, 971 S.W.2d 611 (Tex. App. Dallas 1998), and *Starns v. Lancaster*, 553 S.W.2d 696 (Ky. Ct. App. 1977).

This rule was adopted in Nevada in the early twentieth century.  See *Johnston v. Rosaschi*, 44 Nev. 386, 194 P.1063 (1921) (stating: "There is no doubt that in cases of injuries to third parties from the use of leased premises it is the general rule that prima facie the breach of duty, and therefore the liability, is that of the occupant and not of the landlord, and that in order to render the latter liable, more must be shown than merely that the premises on which or from which the injury arose were by him leased to another.")  In *Wright v. Schum*, 105 Nev. 611, 781 P.2d 1142 (1989), the Nevada Supreme court noted that "…once a lessee [has] taken possession of property, the landlord is not subject to liability…[to] others coming onto the land, for physical harm caused by a dangerous condition on the premises." *Id*. (relieving a

landowner from any duty owed to a third party injured on the premises unless the landowner undertook maintenance or otherwise exercised control over the premises).

In this case, Wal-Mart leased the premises from W & W Partnership, and as the lease clearly shows, Wal-Mart assumed sole control of the premises as well as the responsibility to supervise and maintain the premises. Such lease provisions are valid and enforceable in Nevada. *See Miller v. A&R Joint Venture*, 97 Nev. 580, 636 P.2d 277 (1981). In *Miller*, the tenant leased commercial space pursuant to a lease which included a provision requiring the landlord to maintain sidewalks and exterior areas. However, the lease specifically included a provision which relieved the landlord from any liability resulting from a failure to maintain those specified areas, absent written notice from the tenant of a need to repair. The Court held that "an exculpatory provision…is generally regarded as a valid exercise of the freedom of contract…The lease provision was a valid exercise of the freedom of contract." *Id*. at 582, 278. Here, the Lease Agreement provided that W & W did not have any obligation to repair or maintain the floor inside the store where Plaintiff fell. W & W Partnership did not have any right of control over that area. This provision is valid and should be upheld. Additionally, Wal-Mart admits that it exercised sole control over the interior premises. (See **Exhibit C**, Answer to Complaint and **Exhibit D**, Answer to Cross-Claim).

The public policy reasons behind the common law rule limiting landlord liability in cases where a tenant has taken possession of the premises are clear. Imposing liability on the landlord merely for his or her status as owner of the property, when the tenant has actual possession of the property, is unreasonable where the landlord no longer has possession and will not be aware of maintenance issues which are not communicated by the tenant. In fact, in cases

involving a commercial lease, a rule imposing landlord liability would lead to interference with commercial operations, since a landlord would be required to constantly enter the property and inspect the premises for any possible dangerous conditions.

In this case, Wal-Mart operates a large store (including a grocery) inside an approximately 120,680 square foot building on the premises  On occasion, substances may be spilled on the floor of the store.  Not only is it contrary to Nevada law, but it is also unreasonable to expect a real property owner to be on notice of such transient conditions, which are routine, especially in stores of this size.  The owner is not involved in the day-to-day operations of the store, does not have actual possession of the premises, and certainly cannot be expected constantly to enter the premises and patrol for these types of conditions.

Plaintiff next alleges that "Defendants have acted willfully and maliciously, and with oppression, fraud or malice…" (**Exhibit B**, Complaint, par. 15).  Plaintiff alleged no facts to support her contention that W & W Partnership acted willfully or maliciously in this case, nor can she.  Since W & W Partnership had no right of control or maintenance over the floor inside the subject store, and no duty to repair the floor, it cannot have willfully and maliciously conducted itself in a manner which caused injury to Plaintiff.  Plaintiff has failed to set forth a claim for punitive damages against W & W Partnership which complies with the requirements of NRS 42.005.  Specifically, Plaintiff alleged no facts showing that W & W Partnership engaged in "oppression, fraud or malice", as required by the statute.  *See* Nev. Rev. Stat. § 42.005.

      **2)**      **Plaintiff's Claim of Negligence Per Se Cannot Survive Where There is No Nevada Case Law or Statutory Provision Which Sets Forth a Duty Owed by W & W**

Plaintiff's second cause of action alleges negligence per se, though there is no codified law or case law which supports any duty owed by W & W Partnership to Plaintiff, since it is merely the owner of real property of the premises where Plaintiff was allegedly injured. While Plaintiff alleges that both Defendants violated statutes, ordinances or building codes which were in effect at the time of Plaintiff's incident, she fails to cite any statute or regulation which either Defendant allegedly violated. She then alleges that Defendants "…did not perform their duties to control, supervise, repair, inspect and maintain the subject premises in accordance with applicable codes, rules, regulations, statutes and ordinances." (**Exhibit B**, Complaint, par. 19). However, as discussed above, W & W Partnership had no right of control over the subject store, no right to supervise Wal-Mart's operations at that location, and no duty to repair, inspect and maintain the floor inside the subject store. (**Exhibit A**). Accordingly, Plaintiff has not articulated any viable claim against W & W Partnership for negligence per se. More fundamentally, Plaintiff cannot maintain a valid claim for negligence per se, since there is no Nevada case law setting forth a duty owed by the property owner to a plaintiff injured on the premises where it is undisputed that the lessee had sole control over the maintenance of the interior premises where the plaintiff suffered injury. In fact, where control is not in dispute – such as an injury occurring in 'common areas' of the premises – Nevada law affirmatively provides that a landowner owes no duty to a third party injured in the premises leased by and in control of the tenant. *See Wright v. Schum*, 105 Nev. 611, 781 P.2d 1142 (1989).

## VI. CONCLUSION

Plaintiff has failed to make a legally sufficient claim against W & W Partnership in her Complaint. Her claims against "defendants" in general are based on an alleged failure to control or maintain the premises. As the Lease Agreement and Wal-Mart's admissions clearly demonstrate, W & W Partnership had no control over the operation of the subject store and no responsibility to maintain the floor where Plaintiff slipped. The Lease Agreement also includes an indemnification provision. Nevada law recognizes such lease provisions and the provisions in this case are therefore valid in relieving W & W Partnership of any responsibility to maintain the interior of the subject store. Plaintiff undisputedly slipped and fell inside the store. Wal-Mart and W & W do not dispute that W & W had no control over the interior premises and never undertook any maintenance of the store's floors. Therefore, under the holding of *Wright v. Schum* and the undisputed facts set forth above, W & W Partnership owed no duty to Plaintiff in this case.

Plaintiff's own conduct clearly shows that she knew W & W Partnership had no control over the subject store and no obligation to maintain it. Prior to filing suit, she reported the incident to Wal-Mart personnel and made no attempt to contact W & W Partnership regarding the incident. Plaintiff proceeded through the claims review process with Wal-Mart for five months prior to filing her Complaint without contacting W & W Partnership to notify it of her claim. It was not until she filed suit that Plaintiff for the first time named W & W Partnership.

Since the premises were occupied, controlled, and maintained by Wal-Mart at the time of Plaintiff's incident, and Wal-Mart and W & W Partnership were operating under a Lease Agreement which clearly provided that W & W Partnership had no responsibility to maintain

the area where Plaintiff fell, W & W Partnership respectfully requests that the Court grant summary judgment in its favor. Because Plaintiff has filed a Motion to Remand, W & W Partnership also requests that the Court expedite the hearing on this Motion for Summary Judgment.

DATED this 14th day of May, 2009.

**PHILLIPS, SPALLAS & ANGSTADT LLC**

/s/ Jennifer Lewkowski

---

JENNIFER LEWKOWSKI
Nevada Bar No. 10823
504 S. Ninth Street
Las Vegas, Nevada 89101
Phone: (702) 938-1510

*Attorney for Defendants*
*W & W Partnership and*
*Wal-Mart Stores, Inc.*