# UNITED STATES DISTRICT COURT
# DISTRICT OF NEVADA

BETTY BRUE,

    Plaintiff,

v.

WAL-MART STORES, INC. dba WAL-MART STORE #1584; DOE EMPLOYEES 1 through 5, DOES 1 through 10, and ROE CORPORATIONS 1 through 10, inclusive,

    Defendants.

Case No. 2:09-CV-00585-KJD-RJJ

**ORDER**

Presently before the Court is Plaintiff's Motion for Summary Judgment (#32). Defendant Wal-Mart Stores, Inc. ("Wal-Mart") filed an Opposition to Plaintiff's Motion (#34), to which Plaintiff filed a Reply (#37).[1]

**I. Procedural Background and Facts**

This case arises from a slip and fall accident that resulted from a spill of liquid substance on the floor of the Wal-Mart store located at 3615 S. Rainbow Blvd. in Las Vegas, Nevada. As a result of the fall, Plaintiff sustained bodily injuries. (Pl.'s Mot. Summ. J. 1:24–26.) Consequently, Plaintiff filed her initial Complaint with the Eighth Judicial District Court of Nevada, alleging one count of negligence and one count of negligence per se against Wal-Mart. Wal-Mart subsequently removed

---

    1. The other original Defendant, W&W Partnership, was dismissed from the case per Order #31.

1

this matter to federal court pursuant to 28 U.S.C. §§ 1332, 1441(b), and 2201 (Def.'s Pet. Removal.)

Two Wal-Mart employees, Support Manager Iris and Martin Wozny ("Wozny"), came across the spill of the liquid substance—later identified by Wozny as white ranch dressing—in one of the aisles. (Wozny Dep. 11:3–22, Aug. 19, 2009.) Support Manager Iris told Wozny to clean it up, which he proceeded to do alone. (Wozny Dep. 11:10.) After realizing that he would need more paper towels, Wozny left the spill area, momentarily, to get paper towels that were contained in a spill station located approximately fifteen (15) feet away. (Wozny Dep. 12:1, 22:14–23.) During the time Wozny was gone, Plaintiff allegedly slipped on the ranch dressing and fell. (Wozny Dep. 12:1–2.) At the time of Plaintiff's fall, there were no other Wal-Mart employees guarding the spill area. (Valencia Dep. 29: 2–14, Aug. 19, 2009.) Plaintiff claims that Wal-Mart negligently failed to control, supervise, repair, inspect and maintain their premises in violation of a company policy that requires employees to guard spill areas. (Pl.'s Mot. Summ. J. 1:23, 3:2, 8:2–8.)

Moreover, two Wal-Mart employees, Mark Valencia ("Valencia") and Mark Batrez ("Batrez") claim to have spoken with Wal-Mart store greeter, Doris Hughes ("Hughes"), about the incident. According to Wal-Mart, Hughes told Valencia and Batrez that the Plaintiff came to her before the accident, reported the spill, and threatened to sue Wal-Mart if she slipped on it. (Batrez Dep. 45–47; see also Valencia Dep. 22–23.) Plaintiff, in opposition, avers that she reported a different spill on a different aisle than the spill that caused her accident. (Brue Dep. 15:7–17:10, Sep. 23, 2009.)

Plaintiff's Motion seeks Summary Judgment (#32), averring that there is no genuine issue of material fact as to Wal-Mart's duty of care and breach of that duty. Specifically, Plaintiff alleges that Wal-Mart had a duty to exercise reasonable care to prevent slip and fall accidents from occurring, and that the company policy delineating safety procedures for spills establishes that duty. Plaintiff additionally alleges that Wal-Mart violated that policy by leaving the spill area unattended in spite of having actual notice of the spill.

2

Wal-Mart opposes Plaintiff's Motion for Summary Judgment (#34) averring that company policy regarding spills does not establish the standard of care owed to Plaintiff. Furthermore, Wal-Mart avers that reasonable care was taken by Wozny in cleaning up the spill, and that Plaintiff may have had notice of the spill prior to the incident.

**II. Standard for Summary Judgment**

Summary judgment may be granted if the pleadings, depositions, answers to interrogatories, and admissions on file, together with affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law. See Fed. R. Civ. P. 56(c); see also Celotex Corp. v. Catrett, 477 U.S. 317, 322 (1986). The moving party bears the initial burden of showing the absence of a genuine issue of material fact. See Celotex, 477 U.S. at 323. The burden then shifts to the nonmoving party to set forth specific facts demonstrating a genuine factual issue for trial. See Matsushita Elec. Indus. Co. v. Zenith Radio Corp., 475 U.S. 574, 587 (1986); Fed. R. Civ. P. 56(e).

All justifiable inferences must be viewed in the light most favorable to the nonmoving party. See Matsushita, 475 U.S. at 587. However, the non-moving party may not rest upon the mere allegations or denials of his or her pleadings, but he or she must produce specific facts, by affidavit or other evidentiary materials provided by Rule 56(e), showing there is a genuine issue for trial. See Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 256 (1986). The court need only resolve factual issues of controversy in favor of the non-moving party where the facts specifically averred by that party contradict facts specifically averred by the movant. See Lujan v. Nat'l Wildlife Fed'n., 497 U.S. 871, 888 (1990); see also Anheuser-Busch, Inc. v. Natural Beverage Distribs., 69 F.3d 337, 345 (9th Cir. 1995) (stating that conclusory or speculative testimony is insufficient to raise a genuine issue of fact to defeat summary judgment). "[U]ncorroborated and self-serving testimony," without more, will not create a "genuine issue" of material fact precluding summary judgment. Villiarimo v. Aloha Island Air Inc., 281 F.3d 1054, 1061 (9th Cir. 2002).

Summary judgment shall be entered "against a party who fails to make a showing sufficient to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial." Celotex, 477 U.S. at 322. Summary judgment shall not be granted if a reasonable jury could return a verdict for the nonmoving party. See Anderson, 477 U.S. at 248.

**III. Analysis**

The Court first examines the merits of Plaintiff's Motion for Summary Judgment with regard to duty and breach in a common law negligence claim, and then examines the merits of the Motion with regard to duty and breach in a negligence per se claim.

**A. Common Law  Negligence**

To state a claim for negligence, a plaintiff must show "(1) that the defendant had a duty to exercise due care with respect to the plaintiff; (2) that the defendant breached this duty; (3) that the breach was both the actual and proximate cause of the plaintiff's injury; and (4) that the plaintiff was damaged." Joynt v. California Hotel & Casino, 835 P.2d 799, 801 (Nev. 1992) (citing Perez v. Las Vegas Medical Center, 805 P.2d 589, 590-91 (Nev. 1991)). Generally, "courts are reluctant to grant summary judgment in negligence cases because foreseeability, duty, proximate cause and reasonableness usually are questions of fact for the jury." Lee v. GNLV Corp., 22 P.3d 209, 212 (Nev. 2001) (quoting Thomas v. Bokelman, 462 P.2d 1020, 1022 (Nev. 1970)).

Moreover, in Nevada, "a business owes its patrons a duty to keep the premises in a reasonably safe condition." Sprague v. Lucky Stores, Inc., 849 P.2d 320, 322 (Nev. 1993) (citing Asmussen v. New Golden Hotel Co., 392 P.2d 49 (Nev. 1964)). If a spill causes a slip and fall accident and the business owner or one of its agents caused the spill, the business owner will be liable for breaching its duty to keep the premises reasonably safe. Asmussen, 392 P.2d at 50. However, if the business owner or its employees did not cause the spill, the business owner will be liable only if he/she had actual or constructive notice of the spill and did not remedy it. Id. Moreover, a business owner "is not liable for injury to an invitee resulting from danger which was obvious or should have been

observed in the exercise of reasonable care." Gunlock v. New Frontier Hotel, 370 P.2d 682, 684 (Nev. 1962) (quoting Brown v. San Francisco Ball Club, 99 Cal.App.2d 484, 486, 222 P.2d 19, (Cal.App. 1 Dist. 1950)). Additionally, if Plaintiff's negligence was greater than that of Wal-Mart, then her recovery may be barred pursuant to Nevada's comparative negligence statute. See N.R.S. § 41.141.

Here, it is undisputed that Wal-Mart owed a duty to Plaintiff to keep its premises reasonably safe. It is also undisputed that Wal-Mart had actual knowledge of the spill and had taken steps to remedy the situation by cleaning up the spill. However, Wal-Mart avers that Plaintiff's Motion for Summary Judgment is precluded at this point, as questions remain as to (1) whether Plaintiff had prior notice of the spill and (2) whether Wal-Mart (through the actions of its employee, Wozny) exercised reasonable care in cleaning up the spill.

(1) Prior notice of the spill

Wal-Mart claims, by citing the deposition testimony of employees Batrez and Valencia, that Plaintiff had prior notice of the spill and even reported it to Hughes, the store greeter. Wal-Mart avers that if Plaintiff did have prior notice of the spill then it would have been an "obvious" danger that she reasonably could have avoided. Gunlock, 370 P.2d at 684. Furthermore, Wal-Mart avers that it may not be liable under a comparative negligence theory if Plaintiff, after having notice of the spill, did not exercise reasonable care to avoid it. See N.R.S. § 41.141.

Plaintiff, in opposition, claims that the aforementioned deposition testimony is hearsay evidence and is not admissible.[2] Plaintiff further claims, in her deposition, that she had prior notice of a different spill from that which caused the accident, and reported that spill to Hughes. Assuming *arguendo*, that Plaintiff had notice of a different spill from that which caused the accident, a

---

2. The Court finds that the deposition testimony regarding Plaintiff's statement to Hughes is not hearsay evidence pursuant to F.R.E. 801 because it is not being offered for the truth of the matter asserted.

5

reasonable jury may find that Plaintiff should have been put on alert to the possibility of other spills in the store, and may have reasonably foreseen that another spill could occur and taken extra precautions.

### (2) Reasonable care

Wal-Mart also avers that summary judgment is precluded at this time because it is disputed whether Wal-Mart's employee, Wozny, exercised reasonable care while cleaning up the spill. As previously mentioned, it is undisputed that Wozny, once apprised of the spill, immediately began to clean it up. It is also undisputed that Wozny then left the spill area to get paper towels located approximately fifteen (15) feet away. During the time Wozny was gone, Plaintiff allegedly slipped and fell. Since "the question of whether reasonable care was exercised . . . involves factual inquiries, it is a matter that must generally be decided by a jury." Butler *ex rel*. Biller v. Bayer, 168 P.3d 1055, 1065 (Nev. 2007). The fact that Wozny promptly began cleaning up the spill, that he only left the area to retrieve more paper towels, and that the towels were only fifteen (15) feet away may be determined to be the exercise of reasonable care.[1] Thus, Plaintiff's Motion for Summary Judgment as to her common law negligence claim fails.

### B. Negligence Per Se

The violation of a statute constitutes negligence per se if (1) the injured party belongs to the class of individuals the statue was intended to protect, and (2) the injury suffered is the type the statute was intended to prevent. Vega v. Eastern Courtyard Associates, 24 P.3d 219, 221 (Nev. 2001). In Vega the Nevada Supreme Court held that while the violation of a building code provision adopted by local ordinance may constitute negligence per se if the aforementioned factors are met,

---

[1] Though the evidence submitted does not indicate whether Wozny left any soiled paper towels at the location of the spill when he went to the spill station, the presence of paper towels used by Wozny would have alerted a reasonably cautious business invitee that a spill had occurred at the location.

"whether a particular statute, administrative regulation or local ordinance is utilized to define the standard of care . . . is clearly a question of law to be determined by the court." Id. at 221–22.

Here, Plaintiff has failed to bring forth evidence of a violation of a statute, building code provision, or other recognized administrative regulation. Instead, she relies on the violation of a company policy to prove negligence per se. Specifically, Plaintiff relies on the fact that Wal-Mart violated its own policy—that an employee should guard a spill area from unexpecting customers—to prove her negligence per se claim. Nevada courts, however, are silent with regard to whether the violation of company policy constitutes negligence per se. Accordingly, Plaintiff's Motion for Summary Judgment as to her negligence per se claim also fails.

### III. Conclusion

Summary judgment for Plaintiff is not appropriate here because Plaintiff has failed to demonstrate the absence of any issue of material fact. Specifically, questions exist precluding summary judgment regarding whether Wal-Mart exercised reasonable care while cleaning up the spill, whether Plaintiff had prior notice of the spill or whether she had notice of a different spilled substance, and whether Plaintiff may have been comparatively negligent.

Accordingly, **IT IS HEREBY ORDERED** that Plaintiff's Motion for Summary Judgment (#32) is **DENIED**.

DATED this 23rd day of June 2010.

_____
Kent J. Dawson
United States District Judge

7